## JAMES L. BATTLE *vs.* W. & W. RAILROAD.

1. It is enacted by the Act of 1856-'57, ch. 7, "that when any cattle or other live-stock shall be killed or injured by the engines or cars running upon any rail road, it shall be *prima facie* evidence of negligence:" this rule can only be re-butted by showing that the agents of such rail road company used all proper precautions to guard against damage. It is not sufficient to prove that there was probably no negligence.

2. Independent of the legal presumption, where rail road cars were left on an inclined plane, where they could be easily set in motion, and were very inse-curely fastened; and one of the animals, for the killing of which this suit was brought, was killed a month previous to the other, by a car, which had es-caped and run down the same grade and the agents of the defendant being thus apprised of the danger of such action, did not use proper precautions to prevent future injury, *Held* to be gross negligence, for which the company was responsible.

*Clark vs. W. N. C. R. R.*, 1 Winst., 109, cited and approved.

This was action brought by plaintiff against the defendant to receive damages for killing a mule and calf. Tried before Moore, Judge, at Fall Term of Edgecombe Superior Court.

It was in evidence that the rail road of the defendant ran through the enclosed pasture lands of the plaintiff, that there was a continuous grade on the land from and through the pas-ture to the depot, about a half mile distant. That two empty cars were coupled together, and left standing on the grade or inclination all night, the upper car being *chocked* with a stick of wood. On the next day the lower car was found to have run down the grade and killed the mule of the plaintiff, the up-er car still standing and chocked. The calf had been kill-ed a month previous by a car left on the grade, but there was no evidence as to how the car was left.

A witness testified that a man could kick out the chock, and with his hand start a car to running, and being started, it

would run of its own motion with acclerated velocity over the grade for more than a half mile.

Another witness testified, without objection, that he had been long employed on Railroads, and according to the usage of building roads he considered it a proper and suitable grade. This grade was on the main track, and it was in evidence that the Company generally left their empty cars standing on the grade and not on any turnout.

Witness testified that *turn-outs* could be constructed where empty cars could securely rest without *chocking* or coupling, but at considerable cost.

The Court charged the jury, that if the car was so left on the main tract and grade, that one man could uncouple it and by his single arm, could and did start it running down the grade whereby the mule and calf were killed, it was negligence.

Verdict for plaintiff. Rule for *venire de novo*. Rule discharged. Judgment for plaintiff. Appeal by defendant.

*John L. Bridgers & Son* for defendant.
*No Counsel* for plaintiff.

Dick, J. The railroad track of the defendant passes through the pasture lands of the plaintiff for a half mile, with a descending grade. The mule and calf belonging to the plaintiff were killed by cars which in some way were set in motion and run down the grade.

By presumption of law (Act 1857, ch. 7) the defendant was guilty of negligence, and this presumption could only be rebutted by showing that the agents of the defendant had used all proper precaution to guard against the damage. It was sufficient to prove that there was probably no negligence. *Clark* v. *W. N. C. R. R. Co*, 1 Winston, 109.

Independant of the legal presumption, the evidence in this case showed gross negligence on the part of the agents of the defendant.

The cars were left on an inclined plane where they could be easily set in motion—and they were very insecurely fastened. The calf was killed a month before the mule, by a car which had escaped from the fastening and run down the grade; and the agents of the defendant were thus apprised of the danger of such accidents, and they did not use proper precaution to prevent future injury.

There was no error in the charge of His Honor and the judgment must be affirmed.

PER CURIAM.                                    Judgment affirmed.