The material facts as found by the referee are "that the mules were not seen by the defendant's agents until the train was not more than thirty feet from them, when the said agents did all they could to stop the train by blowing on the brakes and reversing the engine — all done about the time the mules were struck. That at the place and time of the injury the mules might have been seen at least seventy-five yards in front, and the train could have been stopped *Page 56 
within that distance. That the mules ran in front of the train two hundred and fifteen yards before they were struck." It was also found that the road was straight at the place of the injury, the time night, and that it was quite dark.
The only question presented by the facts found is whether there was negligence on the part of the defendants. The statute (57) enacts that "when any cattle or any other live stock shall be killed or injured by the engine or cars running upon any railroad, it shall be prima facie evidence of negligence on the part of the company in any suit for damages against such company." Bat. Rev., chap. 16, sec. 11.
Proof having been made of this injury, the effect of the statute is to declare that the company's agents were guilty of negligence, of which they could not acquit themselves except by showing that there was no neglect whatever. The heavy burden of establishing a negative is thus imposed upon them. The only evidence to show that there was no negligence is the single fact found that "the night was quite dark." But it is also found that the mules night have been seen at least seventy-five yards in front, within which distance the train could have been stopped. So that notwithstanding the night was dark, the mules could have been seen at that distance, we suppose by the headlight, upon a straight road. It is immaterial, however, whether the mules were visible by artificial light or starlight, the fact that they could have been seen is established and does not seem to have been denied. Then, why were they not seen until the engine was within thirty feet, and so near that no human exertion could save them? No explanation of this is given and no suggestion even made. By force of the statute, negligence is established. It was not rebutted, or offered to be by the defendant. That could be done only by showing that by the exercise of due diligence the stock could not have been seen in time to save them. That was not done. Even without the aid of the statute, it would seem that the plaintiffs are entitled to recover. The defendant had not only the seventy-five yards, but the additional distance of two hundred and fifteen yards run by the mules, within which to discover them and stop the train. No reason is given for this plain neglect of duty. Clark v. R. R., 60 N.C. 109; Battle v. R. R., (58) 66 N.C. 343.
There is error. Judgment reversed and judgment here according to the finding of the referee.
PER CURIAM. Reversed.
Cited: Doggett v. R. R., 81 N.C. 466; Wilson v. R. R., 90 N.C. 73;Carlton v. R. R., 104 N.C. 369; Randall v. R. R., ib., 421; Baker v. R.R., 133 N.C. 34. *Page 57