PIPPEN & GANNON v. THE WILMINGTON, COLUMBIA & AUGUSTA RAILROAD COMPANY.

In an action against a Railroad Company for killing certain mules of the plaintiff, where negligence is established by force of the statute, (Bat. Rev. chap. 16, sec. 11,) it can only be rebutted by showing that by the exercise of due diligence the stock could not have been seen in time to save them.

(*Clark* v. *Western N. C. R. R.*, 1 Winst., 109; *Battle* v. *Wil. & Weld. R. R.*, 66 N. C. Rep., 343, cited and approved.)

This was a CIVIL ACTION, to recover damages for negligence, tried by his Honor, Judge MOORE, at the Spring Term, 1876, of EDGECOMBE Superior Court.

The suit was brought to Fall Term, 1873, of said Court, the plaintiffs alleging that on the 16th day of August of that year, two of their mules, worth five hundred dollars, were so damaged and injured by being run against by the cars of the defendant company, through the negligence of their servants and agents running and controlling said train, as to be totally worthless.

The defendant company denied the material allegations of plaintiffs' complaint, and at July Term, 1874, the case was submitted to a jury upon the following issues, to wit :

(1.) Was such wounding and injury done without negli-

gence on the part of the defendants' agents, then controlling defendants' train of cars?

(2.) If not done without negligence on their part, what was the value of said mules?

For certain causes (not stated in the transcript,) a juror was withdrawn, the jury discharged and at January Term, 1876, of said Court, the case referred to Jno. H. Thorpe, Esq., who, at the succeeding May Term, filed his report, substantially as follows:

1. That on the night of the 14th day of August, 1875, a train, consisting of an engine and passenger cars of the defendant company, in passing over the road near Whitaker's, ran against two mules belonging to plaintiffs, and so injured them as to make them valueless and a total loss. This action was instituted to recover for said loss, within six months after it occurred. The mules got out of plaintiffs' lot after dark on the night mentioned.

2. That at the place where the injury occurred, the road was straight, on a small embankment, on either side of which was a ditch grown up with shrubbery, and slightly up grade. The train was running in the accustomed manner and upon usual time, as per schedule, to-wit: about twenty miles an hour. The night was quite dark.

3. That the said mules was not seen by the agents of the defendant company until the train was not more than thirty feet from them, when said agents did all they could to stop the train by blowing on brakes and reversing the engine— all done about the time the mules were struck.

4. That at the place and time of the injury, the mules might have been seen at a distance of about seventy-five yards in front, in which space (seventy-five yards) the train might have been stopped.

5. The mules ran in front of the train, on the road, two hundred and fifteen yards before they were struck; and could they have run thirty yards more before being struck,

they would have reached a part of the road where, under the circumstances stated, they would have probably turned off.

6. The mules were worth five hundred dollars.

As a matter of law, the referee found :

1. That the defendants' agents were negligent under the circumstances.

2. That the defendants are indebted to the plaintiffs to the value of the mules, to-wit: the sum of five hundred dollars, with interest thereon from the 14th day of August, 1873.

The defendants excepted to the conclusion of the referee in regard to the law, and his Honor sustained the exception, being of opinion, upon the facts found, that there was no negligence on the part of the defendant company that entitled the plaintiffs to recover, and so gave judgment.

From this judgment the plaintiffs appealed.

*W. H. Johnston*, for appellants.
*J. L. Bridgers*, contra.

BYNUM, J. The material facts as found by the referee, are " that the mules were not seen by the defendants' agents until the train was not more than thirty feet from them, when the said agents did all they could to stop the train by blowing on the brakes and reversing the engine—all done about the time the mules were struck. That at the place and time of the injury the mules might have been seen at least seventy-five yards in front, and the train could have been stopped within that distance. That the mules ran in front of the train two hundred and fifteen yards before they were struck." It was also found that the road was straight at the place of the injury, the time, night, and that it was quite dark.

The only question presented by the facts found, is whether

there was negligence on the part of the defendants. The statute enacts that "when any cattle or any other live stock shall be killed or injured by the engine or cars running upon any railroad, it shall be *prima facie* evidence of negligence on the part of the company in any suit for damages against such company." Bat. Rev., chap. 16, sec. 11.

Proof having been made of this injury, the effect of the statute is to declare that the company's agents were guilty of negligence, of which they could not acquit themselves except by showing that there was no neglect whatever. The heavy burden of establishing a negative is thus imposed upon them. The only evidence to show that there was no negligence is the single fact found, that "the night was quite dark." But it is also found that the mules might have been seen at least seventy-five yards in front, within which distance the train could have been stopped. So that notwithstanding the night was dark, the mules could have been seen at that distance, we suppose by the head light, upon a straight road. It is immaterial, however, whether the mules were visible by artificial light or starlight, the fact that they could have been seen is established and does not seem to have been denied. Then why were they *not* seen until the engine was within thirty feet, and so near that no human exertion could save them? No explanation of this is given and no suggestion even made. By force of the statute, negligence is established. It was not rebutted, or offered to be, by the defendants. That could be done only by showing that by the exercise of due diligence the stock could not have been seen in time to save them. That was not done. Even without the aid of the statute, it would seem that the plaintiffs are entitled to recover. The defendants had not only the seventy-five yards, but the additional distance of two hundred and fifteen yards run by the mules, within which to discover them and stop the train. No reason is given for this plain neglect of duty.

*Clark* v. *W. N. C. R. R.*, 1 Winst., 109 ; *Battle* v. *W. & W. R. R. Co.*, 66 N. C. Rep., 343.

There is error.  Judgment reversed  and judgment here according to the finding of the referee.

PER CURIAM.                                    Judgment reversed.