HENRY VonGLAHN and others v. A. J. DeROSSET and others.

*Corporation—Liability of Stockholders—Limitation of Action.*

1. The statute (Revised Code, ch. 26, §§ 5, 6) which continues the existence of defunct corporations for three years after the expiration of their charters, for the purpose of bringing and defending suits and closing their general business, ousts the former equity jurisdiction for

the appointment of a receiver, at the instance of creditors, to wind up the corporate affairs.

. 2. The statutory remedy is exclusive of all others, and must be pursued within the three years, and a failure to proceed within that period will be a complete defence, not only to the corporation but to the stockholders who by its charter are made individually responsible in the event of its insolvency.

(VonGlahn v. Harris, 73 N. C., 323; VonGlahn v Lattimer, Ibid., 333; VonGlahn v. DeRosset, 76 N. C., 292; Fox v. Horah, 1 Ire. Eq., 358; Malloy v. Mallett, 6 Jones Eq., 345, cited and approved.)

CIVIL ACTION removed from New Hanover and tried at Spring Term, 1878, of BRUNSWICK Superior Court, before . Eure, J.

This action was brought to recover an amount of money alleged to be due the plaintiffs by the Commercial bank of Wilmington on account of deposits made by them with the bank.    The bank being insolvent, a recovery is sought against the defendant stockholders by virtue of the personal liability clause in the charter to the effect that in case of insolvency or ultimate inability of the bank to pay, the individual stockholders shall be liable to creditors in sums double the amount of stock by them respectively held. And the court being of opinion with defendants gave judgment accordingly, and the plaintiffs appealed.

*Messrs. D. J. Devane and D. L. Russell*, for plaintiffs:

The stockholders are liable because by the proper construction of the charter it is stipulated they shall be liable to creditors as well *after* the expiration of their charter as *before*.    It should be construed strictly in favor of the public. Dwarris on Statutes, 256; *Drake* v. *Drake*, 4 Dev., 110; *Gildart* v. *Gladstone*, 11 East., 686; Cooley Const. Lim., 394. And the learning in *Malloy* v. *Mallett*, 6 Jones Eq., 345, is immaterial, in the view taken by us as to the proper construction of the charter.    The debts are not extinguished

by the dissolution of the corporation; although no action can then be brought against it, yet relief can be had in equity. 2 Story Eq., § 1252; Angel & Ames on Corp., § 779; *Curran* v. *Arkansas*, 15 How., 312; *Hightower* v. *Thornton*, 8 Ga., 493; *Thornton* v. *Lane*, 11 Ga., 491; *Mumma* v. *Potomac Co.*, 8 Pet., 281. 2 Kent Com., 307. Therefore the debt is still alive and the court would apply to the plaintiff's demand any property the bank might have. Even if liability of defendants be secondary only, they are not discharged from this subsisting obligation, and the case of *Wintry* v. *Webb*, 3 Dev., 27, is not in point. From the opinion of Gaston, J., in *Fox* v. *Horah*, 1 Ire. Eq., 358, it is submitted that case is an authority for plaintiffs. Where principal debtor is discharged by act and operation of law, the party liable secondarily is not thereby discharged. 1 Parsons on Contracts, ch. 2: *Ward* v. *Johnson*, 13 Mass., 152. *Jones* v. *Hagler*, 6 Jones, 542; *Robertson* v. *Smith*, 18 Johns., 459; *Nodin* v. *Battie*, 5 East., 147. But the defendants here are principal debtors. *Moss* v. *Averill*, 10 N. Y., (6 Selden) 459; 1 Coms. Rep., 47; *Hanger* v. *McCullough*, 2 Denio; Angel & Ames on Corp., 611. As to statute of limitations: The cause of action accrued January 1st, 1865. C. C. P., Title 4, ch. 1; Rev. Code, ch. 65. It does not apply to this case. As to second action where cause of action is the same. *Long* v. *Orrell*, 13 Ire., 123; *Williams* v. *Council*, 4 Jones, 206.

*Messrs. Geo. Davis* and *Stedman & Lattimer*, for defendants:

The charter expired on the 31st of December, 1871, and the plaintiffs' claim became extinct. *Fox* v. *Horah*, 1 Ire. Eq., 358; *Malloy* v. *Mallett*, 6 Jones Eq., 345; *Bank* v. *Tiddy*, 67 N. C., 169. In consequence of the decision in *Fox* v. *Horah*, an act was passed (Rev. Code, ch. 26, § 5) which continues the corporation in existence for three years and directs how its assets shall be distributed and its affairs wound up. In a late case under a similar statute in Massachusetts

it was held that a judgment obtained against a corporation after the three years where no receiver had been appointed, was void; because there was no corporation in existence, showing there is no remedy outside of the statute. *Thornton* v. *R. R. Co.,* 123 Mass. Rep. None of the cases relied on for plaintiffs intimates that the corporation will be kept alive for the purpose of continuing the responsibility of the stockholders. All the other stockholders are necessary parties. Story's Eq. Pl., § 169; *Crease* v. *Babcock,* 10 Metc., 531; *VonGlahn* v. *DeRosset,* 76 N. C., 292. If the corporation is still in existence, being the party primarily liable, it is a necessary party. Adams Eq., 586; Story's Eq. Pl., §§ 74, 174, *et seq*; 1 Dev. & Bat. Eq., 438. As to the statute of limitations: Liability of stockholders began when bank ceased to redeem and to do business, (2 Otto, 156,) and that was in 1865, and the cause of action then arose.

The plaintiffs were barred in three years. Rev. Code, ch. 26, § 5; C. C. P., § 34 (2). And if this were not so, the court would supply the defect by analogy to other actions, and establish a bar of three years upon the equity of our statutes. Angel on Lim. § 70; *Pigott* v. *Rush,* 4 Ad. and Ellis, 912; *Corning* v. *McCulloch,* 1 Coms., 55; *Thompson* v. *Blair,* 3 Murp., 588. The former suits in respect to this litigation were not for the same cause of action; the only point of identity is that plaintiff is suing for the same debt, but that will not suffice. *Ellis* v. *Hussey,* 66 N. C., 502; *VonGlahn* v. *Harris,* 73 N. C., 323; *Morrison* v. *Connelly,* 2 Dev. 234; *Whitfield* v. *Hill,* 5 Jones Eq., 316. For, if it is held that this is the same cause of action and the plaintiff is not barred, the result would be to let in all the creditors who have never brought any actions; and who therefore ought most clearly to be barred. In reply to the suggestion that the extinction of the debt does not discharge the surety: The distinction is between defences which are inherent to the obligation, and those which are personal to the principal;

the former are available to the surety and the latter are not. *Ferry* v. *Burchard*, 21 Conn., 597; *Swift* v. *Beers*, 3 Denio, 70; *Baldwin* v. *Gordon*, 12 Martin (La.), 378.

SMITH, C. J. The president and directors of the Commercial bank of Wilmington were incorporated and organized under an act of the general assembly, ratified on the 18th day of January, 1847. Its existence as a corporate body expired by the limitation contained in its charter and amendment on the 31st day of December, 1871. One of the clauses of the charter upon which the plaintiffs' claim is predicated is in these words: " In case of insolvency or ultimate inability of the bank to pay, the individual stockholders shall be liable to creditors in sums double the amount of the stock by them respectively held."

To enforce this liability the plaintiff, Von Glahn, institututed an action in his own name and as a creditor, against George Harris, one of the defendants, and it was held that he could not recover and appropriate to his own individual use, a fund in which all the creditors had an equal and common interest, and that they were necessary parties. *Von Glahn* v. *Harris*, 73 N. C., 323. And the same disposition was made of a similar action against another of the defendants at the same term. *Von Glahn* v. *Lattimer, Ibid*, 333.

The plaintiff thereupon on the 23rd day of December, 1875, and within the year, on behalf of himself and the other creditors, commenced the present proceeding against the defendants, stockholders, and representatives of deceased stockholders, and the case came before this court upon a demurrer filed by the defendant Kidder.

The demurrer was overruled upon the ground that the defendants having a common defence could not sever in their pleadings, and the cause was remanded. *Von Glahn* v. *DeRosset*, 76 N. C., 292.

The present appeal presents several matters of defence, set up in the several answers, some of which are special to the particular defendants and not necessary to be noticed. The common defences relied on by all are,

1. The charter of the bank having by express limitation expired with the year 1871, and the period of three years allowed by law for the settling up of its business thereafter having expired, the indebtedness of the bank and the collateral liability of the stockholders therefor are extinguished and the action cannot be maintained.

2. The action is barred by the statute of limitations and is not within the savings of section 45, C. C. P., modifying section 8, chapter 65 of the Revised Code.

3. The corporation itself and the omitted stockholders are necessary and proper parties.

The insolvency of the bank though denied in the answers was admitted on the trial. We do not propose to examine the merits of the different defences set up to defeat the recovery, but confine our attention to one only which disposes of the case.

In *Fox* v. *Horah*, 1 Ire. Eq., 358, a bill in equity was filed to arrest the prosecution of an action at law by the defendant Horah, cashier of the state bank of North Carolina, to recover the amount of a promissory note executed by the plaintiff, as security of J. G. Hoskins for money borrowed of the bank, and drawn payable to its cashier, on the ground that the bank as a corporate body had ceased to exist. The court then consisting of Ruffin, Daniel and Gaston, the latter of whom delivers an elaborate and able opinion in the case, sustain the equitable claim to relief, for the reason that since the dissolution there was no legal person *in esse* entitled to the money when collected, and award a perpetual injunction against the further prosecution of the action at law.

So in *Malloy* v. *Mallett*, 6 Jones Eq., 345, this court recog-

nizing the correctness of the doctrine enunciated and enforced in the preceding case, and declaring it to be "a well settled principle of the common law that upon a dissolution of a corporation, its debts became extinct," hold as a clear deduction therefrom that the liability of a stockholder, which is collateral and subsidiary only to the obligation of the principal debtor, is likewise extinguished by the event which extinguishes the prior legal obligation.

These decisions were made and these conclusions reached after full discussion and careful consideration by as able jurists as ever presided in this court, and our reluctance to disturb them after so long an acquiescence by the profession, could be overcome only by the clearest convictions of their error. They rest however upon strictly legal principles, well settled by authority and carried to their logical results, the soundness of which in their applications to the facts before the court, we are not disposed nor is it necessary to question or controvert.

But a remedy has been suggested, and in numerous cases applies, which may seem to conflict with the decisions of this court, by calling into exercise, on behalf of creditors or others interested, the equitable jurisdiction of the court, interposing and affording relief, when none is admissible at law, and for the very reason that there is no legal remedy. While it is manifest that, by its dissolution the corporation ceases to exist and can sustain the relations of neither creditor nor debtor towards others, and hence debts to or from it become extinct at law, it is inequitable that creditors should go unpaid, when there are funds or debts of the defunct corporation which ought to be applied in payment, simply for want of some legal being, intervening between the creditors and debtors of the corporation, with capacity to make the collection and adjustment. Accordingly, acting upon the maxim that trusts shall not fail for want of a trustee, and regarding the debts and other property of the dissolved corporation as

the property of its creditors to the extent of their respective claims, the court of equity will stretch out its arms and gather up and collect the assets, though there be no strict legal owner to assert his right, and will appropriate and distribute them among the creditors and subordinate thereto, among its secondary creditors, the stockholders themselves. The exercise of this equitable power, though not adverted to in the cases cited, is not denied, nor is it inconsistent with the principle therein declared. The remedy suggested grows out of those rigorous rules of the common law and is the offspring of necessity to prevent a failure of justice. As equity lends its aid to enforce a just and equitable right, because in such case the court of law, acting on fixed and unbending rules is incompetent to afford relief, the necessity which creates also limits the power to be exercised, and the power itself must disappear, when an adequate legal remedy is provided. Of the numerous cases cited in the well considered argument of the plaintiffs' counsel, we shall only refer to a few in support of our views. *Curran* v *Arkansas*, 15 Howard, 304; *Mumma* v. *Potomac Co.*, 8 Peters, 281: 2 Potter Corp., § 714; 2 Kent. Com., 307.

When a natural person dies, his rights and responsibilities devolve upon his personal representative and survive and vest in him for a space sufficient to allow of all adjustment of his unsettled business relations, and the distribution of the residue of his personal estate among those by law entitled thereto. But for this provision of law the same impediments would be met and the same consequences flow from the death of a natural person as of that ideal entity embodied in a corporation. The want of a representative in the latter case, with legal capacity to act, obstructs the calling in and appropriation of its resources and means to the discharge of its obligations, and it is to supply this defect that equity interferes and enforces the appropriation.

But we have now a statutory remedy to provide for the

emergency and secure the settlement of the affairs of a defunct corporation, which supersedes the exercise of equitable power, as it removes the necessity in which it had its origin, which is contained in the Revised Code, ch. 26, entitled, " Corporations."

Section 5 enacts that " all corporations whose charters shall expire by their own limitation, or shall be annulled by forfeiture or otherwise, shall nevertheless be continued bodies corporate for the term of three years after the time when they would have been so dissolved, for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their concerns, to dispose of and convey their property, and to divide their capital stock," but not to continue their business.

Section 6 vests, upon the dissolution of such corporation, in the court of equity the power, upon application of a creditor or stockholder within the three years, to appoint one or more trustees or receivers " to take charge of the estate and effects thereof, and to collect the debts and property due and belonging to the corporation, with power to prosecute' and defend in the name of the corporation, or in the name of such receivers or trustees, all such suits as may be necessary or proper for the purposes aforesaid ; and to appoint agents under them, and *to do all other acts which might be done by such corporation, if in being, that may be necessary for the final settlement of the unfinished business of the corporation, and the powers of such receivers may be continued beyond. the said three years, and as long as the court shall think necessary for the purposes aforesaid.*"

The two succeeding sections give the court a supervising control over the receivers and direct how the funds shall be applied and disposed of. The effect of the statute is to provide for the appointment of a representative of a dissolved corporation, when necessary, as in case of the death and intestacy of a natural person, to administer upon its estate, to

collect its assets and pay its debts, and under the direction of the court to distribute what may remain among those entitled thereto. The statute effectually and fully obviates all the difficulties growing out of the inexorable rules of the common law in case of the dissolution of the corporate body by afflux of time, or its premature extinction by judicial decree, and section 29 declares that in *the latter case,* neither the debts *due to nor from it* shall thereby be extinguished.

As the law-making power has thus undertaken to regulate the settlement of the affairs of an expired corporation and provide the mode in which it shall be done, the statutory remedy must be considered as superseding and substituted for all others directed to the same end. The relief is within the reach of each and every creditor, and of the stockholders and members of the corporation, during the space of three years, next ensuing the dissolution, and no longer. The limitation is reasonable and proper in itself and an inseparable condition of the remedy.

The plaintiff has not, nor has any one who might have availed himself of the act, applied for the appointment of a receiver or trustee, and thereby prolonged the corporate life under the act, and thus its benefits have been forfeited and lost. The remedy did exist; it is now barred by lapse of time, and the plaintiff's negligence. He and his associate plaintiffs must abide the consequences of the delay.

The construction put upon the statute and its effect upon the remedy are fully sustained in a recent adjudication of the supreme court of Massachusetts upon an act in force in that state very similar in its provision to ours. *Thornton* v. *Railway Co.,* 123 Mass., 32. The facts of the case briefly are these: The plaintiff at July term, 1875, recovered judgment in the superior court of Suffolk county against the Marginal Freight railway company for money due before May 6th, 1872, and caused execution to issue on which nothing could be made. The charter of this company was repealed by an

act of the legislature passed at the date mentioned, at which time it owned certain railroad tracks in the streets of Boston. The repealing act incorporated the Union Freight railroad company, the other defendant, and it took possession of the property. The value thereof as damages due the dissolved corporation by its successor was the fund which the plaintiff in his bill sought to reach as belonging to his debtor and apply to the payment of his claim. The new company demurred to the bill on the ground that more than three years had passed since the dissolution of the former company and before the recovering of the judgment, and hence the judgment was a nullity and the debt extinct. The demurrer was sustained and the bill was dismissed. GRAY, C. J., who delivered the opinion from which we quote so much as relates to the present case, declares, that no judgment can be rendered against a corporation which has ceased to exist, and that the maintenance of this proposition is not in conflict with the right of creditors and stockholders to assert their claims against its property in a court of chancery *in accordance with the reasonable regulations of the legislature*, or with the general principles and practice in equity, and proceeds as follows: "Upon the repeal of the Marginal Freight railway company by the statute of 1872, ch. 342, which was passed and took effect May 6th, 1872, the corporation was nevertheless, by virtue of the general statutes ch. 68, § 36, continued a body corporate *for the term of three years afterwards* for the purpose of prosecuting and defending suits by or against it, and of enabling it gradually to settle and close its concerns, to dispose of and convey its property, and to divide its capital stock. And under section 27 of the same chapter this court sitting in equity *on the application of a creditor or stockholder at any time within the three years*, might have appointed receivers whose powers should continue so long as the court should deem necessary to take charge of the estate and effects of the corporation, to collect the debts

and property due and belonging to it, in its name or otherwise, and to do all other acts which might be done by the corporation, if in being, necessary for the final settlement of its unfinished business. *No application having been made* for the appointment of a receiver, the company *at the expiration of the three years* ceased to have any such existence that a valid judgment could be rendered against it in an action at law."

As the judgment was a nullity and did not admit the interposition of the court and the pursuit of the debtor's property in equity for its satisfaction, so the total extinction of the debt itself precludes any proceeding, not conducted under the statute, for enforcing its payment, and the plaintiff is left without remedy.

Other interesting questions were presented and argued which are not free from difficulty, and as their solution is not required in the determination of the controversy we do not propose to consider and decide them. They spring mostly out of the financial disasters brought upon the banking and other institutions of associated capital by a long and exhausting civil war, and their solution would be fruitful of little real practical advantage. Some have been settled by time, that silent and ever active worker in the disposal and ending of controversy, to whose influence the prosperity and repose of the country is so largely owing. Time has been the arbiter in the present case and to his adjustment all parties must submit. There is no error and the judgment is affirmed.

No error.                                        Affirmed.