C. W. HARDISON v. ATLANTIC AND NORTH CAROLINA
RAILROAD COMPANY.

*Action for Damages—Killing Stock—Negligence—Presumption—
Directing Verdict.*

1. The Statute (Section 2226 of *The Code*) applies to all cases of killing stock by a railroad and while the presumption of negligence arising from the killing may be rebutted, it is only where the undisputed facts show there was no negligence that the trial judge should direct a verdict for the defendant.

2. Where, in the trial of an action against a railroad company for killing stock, the plaintiff showed the killing and that the action was commenced within six months thereafter and the defendant introduced evidence tending to show that it was not negligent, it was error to direct a verdict for the defendant.

ACTION for damages against the defendant railroad company for killing stock, tried on appeal before *Robinson, J.,* and a jury, at Fall Term, 1896, of CRAVEN Superior Court. After plaintiff had proved the killing of his cow by the defendant's freight train, within six months before commencement of the action, the defendant introduced the engineer, who testified that, while he was giving the alarm for a flock of cattle ahead, the cow rushed into the engine from a five foot ditch; that he could not have seen her, though the track was straight and one could see up and down it for half a mile. The fireman testified that he saw the cattle ahead, but did not see the cow until she came up out of the ditch.

Plaintiff then introduced a witness, who testified as follows:

"It was thirty steps from the bridge to where she was struck, and she was dragged thirty steps. I heard the train blowing. I saw a cow's tracks in middle of track at a point just before the point at which the train struck the cow."

His Honor instructed the jury that the plaintiff had failed to make out a case of negligent killing against the defendant and that they should answer the first issue "No." The jury so found.

The plaintiff moved for a new trial upon the ground of error in law in the instructions given the jury by the court upon the question of negligence.

The motion was refused and plaintiff appealed.

*Messrs. L. J. Moore* and *D. L. Ward,* for plaintiff (appellant).

*Messrs. P. M. Pearsall* and *Clark & Guion,* for defendant.

FURCHES, J.: This action was commenced in the court of a justice of the peace to recover damages for killing a cow.

The plaintiff's evidence showed that defendant's train ran over plaintiff's cow and killed her and that this action was commenced within less than three months thereafter and rested his case. The defendant introduced evidence tending to show there was no negligence on the part of the defendant in killing the cow, and rested.

At the close of the evidence the court instructed the jury as follows: "That plaintiff had failed to make out a case of negligent killing against the defendant, and that they should answer the first issue "No,' " and the jury found the issue as directed by the court for the defendant.

The plaintiff moved for a new trial for misdirection to the jury. This motion being overruled and judgment for the defendant, plaintiff appealed.

There was error in the instructions given to the jury, for which the plaintiff is entitled to a new trial.

When the plaintiff showed the killing and that the action had been commenced within less than six months thereafter, this in law made a *prima facie* case of negligence against the defendant. Section 2326 of *The Code.*

Under this Statute, as we understand it, at the close of plaintiff's evidence (if the defendant had introduced no evidence), it would have been the duty of the court to instruct the jury to find the first issue for the plaintiff. But as the defendant introduced evidence tending to show there was no negligence on the part of defendant in killing the cow—that is, to rebut the presumption, or *prima facie* case of the plaintiff—it then became an issue of fact, which could not be found by the court and should have been left to the jury.

It is true that it has been said in *Doggett* v. *Railroad*, 81 N. C., 459, and in *Durham* v. *Railroad*, 82 N. C., 352, that, where the facts are known and show there was no negligence on the part of the railroad, this statutory pre-

sumption does not apply.    If this statement of the law is correct it does not apply to the case under consideration. For in this case the facts were not known—that is, they were disputed.

But it seems to us that the language used by the court in *Doggett* v. *Railroad*, and *Durham* v. *Railroad*, *supra*, is calculated to produce an erroneous impression and that it would have been much more accurate to have said the *prima facie* case created by the Statute is *rebutted* where the undisputed facts show there was no negligence on the part of the defendant, than it was to say the Statute *did not apply* to such a case.    There is no exception in the Statute.    It is in terms general and applies alike to all cases of killing stock by a railroad.    But this *prima facie* case may be rebutted, and that is what we suppose the court meant in the case of Doggett and Durham, *supra*.

Error and New Trial.