BAKER v. ROANOKE AND TAR RIVER RAILROAD CO.

(Filed September 22, 1903.)

NEGLIGENCE—*Presumptions—Injury to Stock—Nonsuit—Evidence— The Code, sec. 2326.*

Where the killing of stock by a railroad is admitted or proven, the trial judge may instruct the jury that a certain state of facts, if believed by them, would rebut the presumption of negligence, but not that certain evidence, though uncontradicted, would do so.

ACTION by G. W. Baker and W. R. Brown against the Roanoke and Tar River Railroad Company, heard by Judge *Fred. Moore* and a jury, at April Term, 1903, of the Superior Court of BERTIE County. From a judgment for the plaintiff the defendant appealed.

BAKER *v.* ROANOKE AND TAR RIVER RAILROAD CO.

*St. Leon Scull* and *B. B. Winborne,* for the plaintiff.

*Day & Bell, J. B. Martin* and *F. D. Winston,* for the defendant.

CLARK, C. J.   This was an action for negligently killing a horse.   At the close of the evidence the defendant moved to non-suit the plaintiff.   The action was brought within six months, and the killing having been shown, the statute raised a presumption of negligence, and the burden to rebut such presumption being upon the defendant, the Judge could not find affirmatively that the defendant's evidence had been sufficient to do this.   That was a matter for the jury.

The Judge could instruct the jury as he did in this case that a certain state of facts, if believed by them, would rebut the presumption, but not that certain evidence, though uncontradicted, would do so.   The burden is on the defendant to rebut the presumption, and the jury alone can pass on its credibility, otherwise if the only eye-witness is witness for the defendant, the plaintiff would be at his mercy, and would be deprived altogether of the benefit of the statute, because he did not happen to see the killing.   It would be a novelty to non-suit the plaintiff on the defendant's evidence.

The Statute, The Code, sec. 2326, originally enacted in 1856, is clear and unambiguous: "When any cattle or other live stock shall be killed or injured by the engines or cars running upon any railroad, it shall be *prima facie* evidence of negligence on the part of the company in any action for damages against such company," with a proviso that the plaintiff cannot have "the benefit of this section" unless the action is brought within six months.

The defendant relies upon an expression in the opinion in *Doggett v. Railroad,* 81 N. C., 467, "that when all the facts and circumstances of the accident are known, the law itself will raise or refuse the inference of neglect, upon which the

liability of the company depends. The force of the presump-
tion only applies when the facts are not known, or when from
the testimony they are uncertain." In the present case, this
dictum, if it bore the meaning the defendant attributes to it,
would not apply, because the facts are disputed. The defend-
ant was not content with the plaintiff's evidence, but put in
testimony of its own to show a different state of facts, of
course—otherwise it would have been useless.

Furthermore, this expression in the Doggett case has been
recently and authoritatively construed and explained (or over-
ruled, as it may be considered) in *Hardison v. Railroad*, 120
N. C., 492, in which *Furches, J.*, speaking for a unanimous
Court says: "It seems to us that the language used by the
Court in *Doggett v. Railroad*, 81 N. C., 459, and in *Durham
v. Railroad*, 82 N. C., 352, is calculated to produce an
erroneous impression, and that it would have been more ac-
curate to have said that the *prima facie* case created by the
statute is *rebutted* where the undisputed facts show there
was no negligence on the part of defendant, than it was to
say that the statute *did not apply.* There is no exception in
the statute. It is in terms general, and applies alike to all
cases of killing stock by a railroad. But this *prima facie*
case may be rebutted, and that is what we suppose the Court
meant in the cases of Doggett and Durham, *supra.*" Accord-
ingly, in Hardison's case, 120 N. C., 492, which reviewed
and construed Doggett's and Durham's, the Court held:
"Where, in the trial of an action against a railroad company
for killing stock, the plaintiff showed the killing and that
the action was commenced within six months thereafter and
the defendant introduced evidence tending to show that it
was not negligence, it was error to direct a verdict for the
defendant." The Court held that by the terms of the statute,
when as in Hardison's case the killing and the beginning of
the action within six months were shown, nothing else ap-

pearing, it was the duty of the Judge to instruct the jury (if they believed the evidence) "to find the first issue for the plaintiff, but as the defendant introduced evidence tending to show that there was no negligence on the part of the defendant in killing the cow—that is, to rebut the *prima facie* case of the plaintiff—it then became an issue of fact which could not be found by the Court, but should have been left to the jury."

Hardison's case is approved by a unanimous Court, the above paragraph being quoted *verbatim* and approved in *Hunter v. Tel. Co.,* 130 N. C., top of page 609. To same purport are all the older cases, *Pippin v. Railroad,* 75 N. C., 54; *Battle v. Railroad,* 66 N. C., 343, and *Clark v. Railroad,* 60 N. C., 109, in which last, the first case after the statute, *Battle, J.,* says the defendant is "put by the law under the heavy burden of proving, affirmatively, a negative."

In fact, the statute is too explicit to admit of more than one construction, and has been adopted in many other States. 2 S. & R. on Neg., sec. 432. In this very case the defendant itself requested and the Court charged: "If the defendant's engineer and firemen were keeping a proper lookout, and the horse suddenly ran to the train, and the fireman looked and saw him and at once notified the engineer, and before the engineer had time to apply the brakes, and the train was properly equipped, the horse was stricken, and the engineer could not have prevented it under all the circumstances, then the defendant has *rebutted the statutory presumption of defendant's negligence,* and in the absence of other negligence on the part of the defendant the jury should find the issue as to negligence 'No.' "

There was evidence that the horse ran along the track 120 to 165 feet before he was struck, and other evidence by reason of which the jury did not find that the presumption of negligence was rebutted.

There are other exceptions, but they are without merit and require no discussion. It was agreed that if the plaintiff could recover, the measure of damages was $55. We find

No error.