W. A. BRILEY v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 26 September, 1917.)

**Railroads — Negligence—Presumptions—Statutes—Evidence—Trials—Questions for Jury.**

The statutory presumption that the killing of plaintiff's cow by a backing railroad train was negligently done, when action has been begun in six months, is not eliminated by evidence tending to show the cow, separated from the herd, ran into the train, and the question is for the determination of the jury, in an action to recover the resulting damages.

APPEAL by defendant from *Harding, J.,* at May Term, 1917, of PITT.

*F. G. James & Son* for plaintiff.
*Skinner & Cooper* for defendant.

PER CURIAM. This is an action for killing plaintiff's cow by a train running backwards. The defendant offered evidence tending to show that the train did not run over the cow, but the cow, being separated from its companions, tried to run over the train and "butted in," and asked the court to charge that the presumption of negligence against a railroad company killing cattle, arising under Revisal, 2645, is rebutted by this evidence. .

The court properly refused to so charge. *Hardison v. R. R.,* 120 N. C., 492, is identical on the facts. The presumption of negligence is raised by the statute, and if the evidence of the defendant had satisfied the jury that the cow was guilty of contributory negligence, which was the proximate cause of her death, it would have returned a verdict in favor of the defendant; but the court could not charge that the defendant's evidence, as a matter of law, repelled the presumption of negligence raised by the statute, the action having been begun in six months.

The track was straight for a long distance, so the cows could have been seen, but the train ran into a drove of them while running backwards.

A somewhat similar case is *Randall v. R. R.,* 104 N. C., 410, where the plaintiff asked the court to charge that as the oxen killed by the train was hitched to a cart and being driven at the time, the statutory presumption of negligence did not arise. This Court held that the statute was broad enough to include such cases as well as when the stock was running at large. That case has been affirmed several times since. See Anno. Ed. This case is stronger for the plaintiff, for there it was admitted that the oxen were pulling the cart when killed, and here the allegation that the cow ran into the train is denied.

It is always bad manners, and generally brings on unpleasant results,

50—174

to "butt in." But in this case the allegation is denied, and the judge could not take the evidence as true, its credibility being a matter for the jury.

No error.