**ROSE CAMPBELL MISSION v. RICHARDSON et al.**

**No. 6190.**

United States Court of Appeals for the District of Columbia.

Argued Oct. 3, 1934.

Decided Nov. 5, 1934.

662

George A. Parker, of Washington, D. C., for appellant.

Austin F. Canfield, Charles A. Douglas, Hugh H. Obear, Jo V. Morgan, E. D. Campbell, J. A. Marshall, and Edmund Hill, Jr., all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

## PER CURIAM.

Rosa Campbell, a colored woman residing in the District of Columbia, together with some others, had prior to the year 1912 conducted religious services on her premises known as "Lot 19 in Square 1846." The religious work was known in the neighborhood as "Rose Campbell Mission."

In September, 1912, she conveyed the lot for a nominal consideration to "Rose Campbell Mission of Reno, District of Columbia." The deed was in the usual form of deeds of conveyance in the District of Columbia and contained no recitals as to the objects or purposes of the conveyance and no provision as to the trusts intended to be created. In May, 1913, there was recorded in the office of the recorder of deeds of the District of Columbia a certificate showing the election of Rosa Campbell and seven other persons as trustees of the mission. Rosa died in 1915, and in 1931 the lot of land mentioned above, and other adjacent property belonging to her, was condemned by the District of Columbia as a site for a high school, and an award of $1,160.67 was made to the owners of the lot in question. The funds representing this award were placed in the registry of the court. The following year the executor of the estate of a deceased sister of Rosa filed a petition, claiming an interest in the fund and praying that the matter be referred to the auditor or special master to determine the claims and interests of all parties thereto. In October the court referred the matter to the auditor, and in the subsequent proceedings before the auditor, one James R. Moss, named as one of the trustees in the certificate hereinbefore referred to, appeared and testified as a witness and subsequently, acting presumably on behalf of the mission, filed exceptions to the auditor's report.

By reference to the report we ascertain, in addition to the facts already stated, "that the last missionary work done under the name of said Rosa Campbell Mission was at the time of Mrs. Campbell's death." The auditor likewise found that the society or association had no constitution, by-laws, rules, or regulations, and that its work was entirely discontinued after Rosa's death.

He further found that the deed was inoperative and did not vest any right, title, or interest, in or to the lot of land mentioned, in the mission, but the title to the same continued and remained in Rosa Campbell and upon her death vested in her heirs at law. The lower court overruled the exceptions, sustained the auditor's report, and directed the fund to be divided between the heirs at law of Rosa Campbell.

We think the action of the court below was correct. While it is true that under the laws of the District of Columbia it is lawful for the members of any society or congregation to organize, in accordance with the provisions of the statute, for the purpose of religious worship and to receive by gift, devise, or purchase, land for the erection of a church or other house of worship, and to elect trustees for the control and government of the organization, it is perfectly clear from the record in this case that the statute was, in the instance under consideration, in no sense complied with. See title 5, c. 10, D. C. Code, §§ 311, 312. But even if we had reached a different conclusion in this regard, we should nevertheless be obliged to hold as the lower court held, for the reason that it unmistakably appears from the record that, whatever the original purpose of the association may have been, it was altogether abandoned on the death of Rosa Campbell; so that for approximately seventeen years before the District took the property the society was wholly disbanded and all of its activities at an end, and in those circumstances the law in the District of Columbia, as well as in most of the states, is that any property which may have been given or contributed to the society reverts to the original donor or his heirs. It makes no difference in this result whether the dissolution is the result of agreement on the part of

the former members or is accomplished by abandonment and nonuser.

In either case the property reverts. Here, for practically twenty years, there has been nothing in the nature of a religious society or collective body doing or sustaining the work which it may have been the purpose of the donor to organize. A purely voluntary association, unincorporated and unorganized, cannot be said to have an existence after definitely abandoning the purpose of its creation and ceasing to exercise its functions. See title 5, c. 10, § 321, Code of the District of Columbia; Miller v. Riddle, 227 Ill. 58, 81 N. E. 48, 118 Am. St. Rep. 261; Wilson v. Leary, 120 N. C. 90, 26 S. E. 630, 38 L. R. A. 240, 58 Am. St. Rep. 778; Havermeyer v. Superior Court, 84 Cal. 327, 24 P. 121, 10 L. R. A. 627, 18 Am. St. Rep. 192; Board of Education v. Inhabitants of Van West, 18 Ohio St. 221, 98 Am. Dec. 114.

The other point raised on this appeal we need not notice, since it refers to procedural questions as to which we think there can be no question raised now because Moss, claiming to act as trustee for the mission has appeared and submitted to the jurisdiction of the lower court to direct the disposition of the fund under its control.

Affirmed.