Pearson, J.
 

 We think there was error in the mode of conducting the trial. There must be a
 
 venire de novo.
 
 There was a departure from the established mode of proceeding, and the wisest policy is, to check innovation at once; particularly', as, in thisca.se, it concerns the “trial by jury,” which the “bill of rights” declares “ought to remain sacred and inviolable.” The error complained of is, that before the jury had announced their verdic-, and, in fact, after they had intimated an intention to acquit f iio defendant Shule, the Court allowed
 
 the
 
 Clerk
 
 to
 
 be directed
 
 to
 
 enter a verdict, finding
 
 Aim guilty
 
 — and after the verdict was so entered, allowed the jury' to be asked, if any of them
 
 disagreed
 
 to the verdict, which had been recorded by the Clerk ; no juror expressed his dissent, but by a nod, which appeared to be made by' each juror, expressed their unanimous assent. The innovation is, that, instead of permitting the jury to give their verdict, the Court allows a verdict to be entered for them, such, as it is 4o be presumed the Court thinks they ought to render— and then they are asked, if any of them disagree to it ? Thus making a verdict for them, unless they are bold én.óugh to stand out against , a-plain intimation of the opinion of the Court. "
 

 
 *155
 
 The rules of evidence do not allow a
 
 leading
 
 question to be put to a witness; if a party should be allowed to put a question to his witness, and before it is answered by the witness, to suggest an answer and ask the witness, if it is so ? — upon exception, this would be held to be error and a
 
 venire de novo
 
 be ordered. The reason is, that a leading question suggests to the witness, how the party wishes him to answer ; tempts him to commit perjury, if he is corrupt, or at all events is calculated to take him by surprise, and sometimes get an answer from him, which he would not otherwise have made. There are the same objections to leading juries as to leading witnesses, and, in fact, those apply with more force. The Judge is prohibited from intimating to the jury his opinion upon a question of fact — the attendant circumstances in this case gave as clear an intimation of opinion as could be imagined.
 

 When a plaintiff fails to make out his case, the Judge may say to the jury, if all the evidence offered be true, the plaintiff has not made out a case, and direct a verdict to be entered for the defendant, unless the plaintiff chooses to submit to a non suit.
 

 It is in effect a demurrer to the evidence. The plaintiff has no right to complain ; for in reviewing the question of law, he has the benefit of the supposition, that the evidence offered by him and the inferences of fact are all true. So when the plaintiff's case is admitted, the whole question turns upon the defence, attempted to be set up'. If, taking the facts to be as contended for by the defendant, the Court is of opinion, that he has made out no answer to the action, it is proper and saves time, for the Court to direct the verdict to be entered for the plaintiff.
 

 The defendant is not prejudiced, because, upon appeal, the question will be presented in the most favorable point of view for him.
 

 
 *156
 
 But the present case is not Pike either of these, for the State had not made out a case, unless the State’s witness was believed ; and the credibility of witnesses must be passed on exclusively by the jury. It is true, from the case as made out, there could be but little room to doubt, that both defendants were guilty, and the wonder is, why the jury should have hesitated about convicting both. Still that was a matter for the jury, and its being a plain case/altough it accounts for, does not legalize, this novel mode in entering a verdict. If allowed, because this is a plain case, it may be extended to eases that are not plain, and become a positive mischief.
 

 The judgment must be reversed anda
 
 venire de novo
 
 issued.
 

 Ter Curiam.
 

 Ordered to be certified aecoulingly.