Pkarson, J.
 

 “ That no freeman shall he convicted of any crime, but by the unanimous verdict of a jury of good and lawful men, in open Court as heretofore used.” That in all
 
 *262
 
 controversies of law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and ought to remain “ sacred and inviolable.” Declaration of Rights, Secs. 9. 14. To carry into effect this fundamental principle thus solemnly announced, it is provided by the Act of 1196, Rev. Code, ch. 31. sec. 130: “No Judge, in delivering a charge to the petit jury, shall give an opinion whether a fact is fully or sufficiently proved; such matter being the true office and province of the jury; but he shall state in a full and correct manner, the evidence given in the case, and declare and explain the law arising thereon.”
 

 Thus, besides a direct legislative enactment that a Judge shall not express to the jury his opinion in regard to the sufficiency of the evidence, we have a principle of our organic law, by which it is declared that the-trial by jury is an institution which has been, and must be, cherished by every free people, as the best security for their lives and property, and ought to remain “ sacred and inviolable.” So, this is no ordinary question, involving merely the construction of a statute; but it is a matter, in regard to which the constitution imposes an obligation upon the Courts. It is our duty to see to it, that the trial by jury shall remain “sacred and inviolable;” and if, upon the circuits, there has grown up any practice encroaching upon the trial by jury “ as heretofore used;” although such practice may, to some extent, have been sanctioned by decisions of this Court, it is our duty to pxhf a stop to it; and while we will not allow a jury to encroach upon the province of the Judge, i. e., to declare and explain the law, and undertake, by an
 
 abuse
 
 of their power, to decide questions of law,
 
 (State
 
 v. Peace, 1 Jones’ Rep. 257;) on the other hand, wo are equally solicitous to see that the Court shall not commit usurpation upon “
 
 the true office cmcl province of the jw-yP
 
 Repetition of error can never j ustify the violation of a positive enactment of a statute; much less the infringement of a fundamental principle upon which our social existence is declared to rest. An error may have crept into our practice by reason of the Judges’ not having attached due importance to
 
 *263
 
 the distinction between the condition of things in England, whence we are in the habit of taking our notions of law, and the condition of things here, whore the trial by jury is protected both by the constitution and by legislative enactment. A Judge is not at liberty to express an opinion as to the sufficiency of the evidence. When there is a defect, or entire absence of evidence, it is his duty so to instruct the jury; but if there be any competent evidence, relevant and tending to prove the matter in issue, it is the true office and province of the jury” to pass upon it; although the evidence maybe so slight, that any one will exclaim, “ certainly no jury will find the fact upon such insufficient evidence!” still, the Judge has no right to put his opinion in the way of the free action of the jury, even should he deem it necessary to do so, in order to prevent them from being misled by the arguments of counsel, or their own want of apprehension. It is true, juries will sometimes find strange verdicts,, acting under the influence of ignorance or of prejudice ; but in general, juries are
 
 honest,
 
 and it is considered safer for the lives andi property of the people to submit to the inconvenience of particular cases of this kind, than in anywise to allow the Judge to encroach upon the true office and province of the jury.” This partial evil is in a great mQasure obviated by allowing the Judge to grant a new trial in all cases (except where a party .is acquitted upon a criminal charge) whenever he thinks the jury have found against the weight of the evidence.
 

 There is no difficulty in regard to the rule ; but it must be confessed, there is frequently very great difficulty in making the application; Because the distinction between no evidence” tending to prove a fact, and evidence confessedly slight,” is often a very nice one, and the dividing line can scarcely be traced : so that it is not to be wondered at, that Judges sometimes err, and get on the wrong side of the line. The safest course in such cases is to depend upon the good sense of the jury, and to take it for granted,- subject to the corrective power of the Court above referred to, that a jury will not
 
 conjeeüure
 
 or
 
 guess
 
 at a fact when there is no sufficient
 
 *264
 
 evidence to establish it. The dividing line may be marked thus far: when there is evidence of a fact, which, in connection with other facts, if proven, would form a chain of circumstances sufficient to establish the fact in issue, the fact so calculated to form a link in the chain, although the other links are not supplied, is nevertheless
 
 some
 
 evidence tending to establish the fact in issue, and its sufficiency must be passed on by the jury; but when the evidence could, under no circumstances, form a link in the chain, and, although competent, yet has no relevancy, or tendency, to prove the fact in issue, the jury should be so instructed. By way -of illustration : it is proven that goods are found in the possession of the prisoner, twelve months after the larceny was committed; every one would say, this is not sufficient evidence to convict; but yet, it is some evidence. On the other hand ; the question being, is the place where a larceny was committed, within a certain county; the proof is, that it was within five miles of the courthouse of that county; this is no evidence of the fact in issue.
 
 State
 
 v. Revels, Busbee’s Rep. 200.
 
 So, the
 
 question being, whetherthe purchaserof anogro woman, knew of her unsoundness; the proof is, thathe was the owner of the woman’s husband; this is no evidence of the fact in issue. Such was the first position in
 
 Cobb
 
 v.
 
 Fogalman,
 
 1 Ire. 440. There' may be reason to doubt whether the second position in regard to the
 
 scienter
 
 of the vendor was not put by the Court upon the wrong side of the line.
 

 In the case now under consideration, the Judge withdrew the facts from the jury, and instructed them, that if the testimony was believed, it was a case of murder, and there was no evidence of a legal provocation. So, the prisoner has a right to insist that the testimony should be taken in the point of view most favorable for him; and that if, in any aspect, the evidence is consistent with his being guilty of manslaughter only, there was error in the manner in which the case was put to the jury.
 
 Avera
 
 v.
 
 Sexton,
 
 13 Ire. 247 ;
 
 Hathaway
 
 v.
 
 Hinton.
 
 1 Jones’ Rep. 243.
 

 Several views were suggested by liis counsel. It will be
 
 *265
 
 sufficient to notice one. Suppose the testimony of
 
 McGehee
 
 and Hicks, whose 'evidence tended to explain the scuffle which immediately preceded the fatal blow, is put out of the case, because the jury did not rely upon them, then we have the testimony of
 
 Hdbgood ;
 
 and considering it
 
 apart from the qziestion of express
 
 maUoe, which his Honor excludes, we have this evidence : the prisoner and the deceased are seen by this witness, on the ground, the deceased on top ; witness was too far off to see distinctly what occurred, but thought he saw deceased have both hands in the hair of the.prisoner; saw no blows pass, but saiv the prisoner kick at the deceased just as he was taken off; the deceased went around a tree near by, and the prisoner, as soon as he got up from the ground, followed after the deceased, and the next thing he saw of them, the prisoner had overtaken the deceased, had a knife in his hand, and the blood was gushing out of the arm of the deceased, who exclaimed, “ I’m a dead man,” and to the remark of a bystander “ you’ve killed him,” the prisoner replied,
 
 “
 
 d—n him, if he ain’t dead, I will kill him.” Upon this view of the evidence, will any one say there was “ no evidence”^ to be passed on by the jury, that the parties had engaged in a mutual contest, or, that the deceased by pulling the hair of the prisoner, as the by-standers were taking him off, or in some other way, had not
 
 hm-t
 
 him so as to amount to legal provocation and bring on the/Wot
 
 brevis
 
 which, apart from express malice, mitigates the homicide from murder to manslaughter ? Even in England, where there is no express constitutional provision, making the trial by jury
 
 “
 
 sacred and inviolable,” and no direct legislative enactment which forbids a Judge from expressing his opinion in regard to the sufficiency of the evidence, a Judge would have felt himself bound to permit the jury to pass upon this testimony, in the point of view in which it is now presented.
 

 Pish Curiam.
 

 Venire de
 
 novo.