W. K. GIBBS et al. v. JOHN LYON.

## Non-suit.

1. Where the trial Judge intimates an opinion that upon the plaintiff's own evidence he cannot recover ; upon the appeal, the Supreme Court will consider all the evidence offered by the plaintiff as true, and in the most favorable light for him.

2. Where in such case, the appellee founds his objection to the right to recover on the inadmissibility of the appellant's evidence, it must appear of record that he objected thereto, otherwise the Supreme Court will consider such evidence as admissible and competent.

3. So, where the plaintiff offered evidence tending to show title to the *locus in quo* in the defendant, and then offered an assignment in bankruptcy, and a deed for the *locus in quo* from the assignee in bankruptcy, but there was no

evidence to show that the defendant had been duly declared a bankrupt; It *was held*, in the absence of any objection by the defendant to the evidence, error in the trial Judge to intimate that upon no view of the evidence could the plaintiff recover.

CIVIL ACTION, for the recovery of land, tried before *MacRae, Judge*, and a jury, at Fall Term, 1886, of DAVIE Superior Court.

The plaintiffs allege, that they are the owners in fee of the land described in the complaint, and that the tract of land formerly belonged to one Joel Lyon, now deceased, who was, upon his own petition, duly adjudged a bankrupt by the District Court of the United States for the Western District of North Carolina, and the reversionary interest in said lands sold by W. A. Clement, assignee of said bankrupt, on the 28th day of March, 1874, subject to the homestead interest of the bankrupt and his wife Nancy therein, and purchased by the plaintiffs, who paid for the same, and took from the assignee a deed therefor.

It is alleged and admitted, that Joel Lyon and his wife died, the former in 1880, the latter in 1882. The defendant denies the other material facts. On the trial the plaintiffs produced evidence of title, as follows:

1. Deed from A. M. Harris, executor of Joseph Chaffin, to Joel Lyon, dated 25th September, 1849, for ninety-nine acres and eighty-eight poles; said deed was recited to be in pursuance of a bond for title, executed in 1842, from Joseph Chaffin to Joel Lyon.

2. Bond from Joseph Chaffin to Joel Lyon, executed December 12th, 1842, for title of a certain tract of land, said to contain one hundred acres more or less.

3. Deed from Lemuel Bingham, Clerk and Master in Equity, to Joel Lyon, executed December 18th, 1857, reciting a decree of the Court of Equity of Davie county, for the partition of the lands belonging to the heirs of William Tucker, and the sale, on November 5th, to William Clark, who assigned his bid to Richmond Bailey and Joel Lyon, one-half of a certain tract

of land, the one-half bounded as follows, &c., forty-seven and a half acres more or less.

4. Deed from W. A. Clement, assignee in bankruptcy of Joel Lyon, to the plaintiff, executed March 28th, 1874, for 150 acres of land subject to the bankrupt's homestead.

5. Assignment of R. H. Broadfield, Register in Bankruptcy, to W. A. Clement, assignee in bankruptcy of Joel Lyon, executed July 2d, 1873, acknowledged before the Clerk of Buncombe Superior Court by said Broadfield, April 12th, 1886, registered in Davie, October 9th, 1886.

Richmond Bailey testified, that he had heard the complaint read, and the deeds, and was acquainted with the lands; that he lives quite near them in this county, and is 77 years old and has known said lands all his life. The lands described in the complaint are the same lands described in the deeds; James Peck was in possession of them, claiming them as his own, when witness first knew them sixty-five years ago. Witness cannot tell how long Peck was in possession; Joseph Chaffin went into possession after Peck. Witness does not remember how long he was in possession; Joel Lyon went into possession after Chaffin, and died on, and in possession, of them, some few years back—several years ago this was the "hundred acre tract." Joel Lyon and witness went into possession of the "eighty-eight acre tract" in 1851, and paid for it afterwards. William Tucker's heirs were in possession for several years before that, and William Tucker was in possession for twelve years before he died, in 1846. Phelps had it for about five years before Tucker got in. Armsby was in possession for a few months before Phelps, and Sheets had been in possession for a great many years before Armsby. The defendants are in possession now. The annual rental value of the land is not more than fifty dollars.

This witness, on cross-examination, testified that very little of the land was cleared when Joel Lyon went into possession; there was a house surrounded by woodland, the house in the centre. Lyon cleared up a good deal of the land, but before him not

much was cleared.   The fifty acres when he purchased was all outlying; he went into possession and commenced cultivating certain portions of the land, the rest of it all lying out.

Defendant offered an assignment from R. H. Broadfield, Register in Bankruptcy, to W. A. Clement, assignee in bankruptcy of P. R. Martin, executed July 19th, 1875.

The presiding Judge having intimated his opinion that upon their own evidence the plaintiffs were not entitled to recover, the plaintiffs submitted to a non-suit, and appealed to the Supreme Court.

*Messrs. J. A. Williamson* and *A. E. Holton,* for the plaintiffs.
*Messrs. C. B. Watson* and *W. B. Glenn,* for the defendant.

MERRIMON, J. (after stating the facts).   The Court's opinion, intimated adversely to the appellant, seems to have been founded entirely upon the insufficiency of the evidence of title produced by him, accepting it as true, and not upon any defects inherent in it, rendering it incompetent.   This must be so, because, so far as appears, no objection was made to any deed put in evidence, upon the ground that it had not been properly proved, or was obnoxious to any other objection.   If there had been grounds of objection, and the appellees intended to avail themselves of them, they should have done so, and this ought to appear in the record.   In the absence of objection, the evidence was pertinent and competent, and for the purpose of deciding the question before us, it must be taken as true, and in the most favorable view of it for the appellants, because the Court held, that in no view of it, could they recover.   So accepting it, we think the jury might have found a verdict in favor of the appellants, and they might have recovered.

The testimony of the aged witness, though not very precise and definite, tended to show a continuing possession of the land by various persons for a long period—more than thirty years— thus showing title out of the State, and the jury might have so found.

Nothing to the contrary appearing, the fair inference is, that the several deeds of conveyance put in evidence, each contained apt words to convey the fee simple estate in the lands in question to the alienee in each named. Joel Lyon, under whom the appellants claim to derive title, had two deeds made to him, one dated the 25th day of September, 1849, from Joseph Chaffin; the other, dated the 18th day of December, 1857, from Lemuel Bingham, Clerk and Master in Equity, that purported to convey the fee in the land to him, and he had continuous possession thereof, adverse to every other person—such is the fair inference from the evidence—for more than seven years. He had more than seven years' adverse possession of the land under color of title, and thus perfected in himself title in fee to the same.

So far as appears in the record, no objection was made to the assignment made by R. H. Broadfield, Register in Bankruptcy, to W. A. Clement, assignee in bankruptcy of Joel Lyon, named above, on the 2d day of July, 1873, nor to putting it in evidence for the purpose of showing title in the appellants. It must, therefore, be taken that the assignment was in all respects a proper one, and passed the title of Lyon to the land to the assignee, and was *prima facie* evidence that he was duly adjudged a bankrupt in the proper Court of Bankruptcy. If the assignment was in any way or respect defective and inoperative, the appellees should have objected to its admission in evidence, and that they did, should appear in the record, so that the Court could see the objection, and properly pass upon its merits; and if the Court founded its opinion upon such objection, it should have so stated in the record. Otherwise, this Court cannot see or know that objection was made.

It was suggested by the counsel of the appellees in the argument, that the assignment was not duly proven, nor did it appear that Lyon had been duly adjudged a bankrupt. This may be so, but in the total absence of objection to it, noted in the record, we cannot so decide. We must be governed by the record and what appears in it. As no objection was made, the presumption

is, that there was no ground for it, or that the appellees waived informalities and imperfections, and that the assignment was a proper and effectual one to pass the title of the bankrupt to the assignee. *Omnia præsumuntur soleniter esse acta.*

Nor was there any objection to the deed from the assignee to the appellants, and in the orderly course of such things, it passed the title to the appellants, as it purported to do. So that, upon the evidence, the appellants *might* have recovered.

It may be that the appellants failed to prove a good title to the land, and could not therefore recover. We do not decide that they did or did not. We only decide that the Court erred in intimating its opinion, that in no aspect of the evidence of the appellants, could they recover. As it appears to us in the record, in its most favorable aspect for the appellants, they might have done so.

There is error. The judgment of non-suit must be set aside, and a new trial allowed.

Let this opinion be certified to the Superior Court according to law. It is so ordered.

Error.                                             Reversed.