J. G. COLLINS, et al., v. W. H. SWANSON.

*Action to Recover Land—Title—Common Source of Title—
Estoppel—Burden of Proof—Directing Verdict.*

1. A defendant in an action to recover land, who sets up title through pur-
chase of the land by his ancestor, is estopped to deny the title of the
latter's grantor.

2. Where, in an action to recover land, plaintiff and defendant claim title
from a common source, the plaintiff is required only to show the
better title from such source.

3. Where, in an action to recover land, the defendant set up as title the
alleged purchase of the land, by his ancestor, from the plaintiff's an-
cestor, J. S., and also pleaded the twenty years statute of limitations
and admitted that plaintiffs were the heirs at law of J. S., and that
the latter had died within 15 years prior to the commencement of the
action, and the plaintiffs introduced testimony tending to show that
the defendant had not been in possession of the land for 20 years;
*Held*, that the burden of proof having been shifted upon the defend-
ant, by the allegations in his answer and his admissions, to show a
better title either by a valid conveyance from the common source to
himself or his ancestor, or by making good his plea of the statute, it
was error to non-suit the plaintiff.

4. Under no circumstances can a verdict be directed in favor of the party
upon whom the burden of proof rests.

CIVIL ACTION for the recovery of land, tried before *Tim-
berlake, J.*, and a jury, at April Term, 1897, of FRANKLIN
Superior Court. Upon an intimation by His Honor that
the plaintiffs could not, on their own testimony recover,
they submitted to a non-suit and appealed.

*Messrs. F. S. Spruill* and *J. B. Batchelor*, for plaintiffs (ap-
pellants).
*Mr. C. M. Cooke*, for defendant.

DOUGLAS, J.: This is an action in the nature of eject-
ment brought by the plaintiffs appellant, as heirs-at-law of
Munford Collins, to recover certain lands in the alleged pos-

session of the defendant. The defendant in his answer, de-
nies the material allegations of the complaint, and pleads
the Statute of Limitations, as having been in quiet and un-
interrupted possession for more than twenty years under
known and visible boundaries. In his amended answer he
further says, "that in 1863, J. R. Swanson, the father of the
defendant, and who has since died intestate, purchased the
land in controversy of Munford Collins for the price of $100,
which he paid him, and that the deed which he executed
has been lost or mislaid, if any was made." Upon the trial
it was admitted "that the plaintiffs are the heirs-at-law of
Munford Collins who died in February, 1881, and that this
action was brought to the October Term, 1895, of FRANKLIN
Superior Court."

The plaintiffs introduced testimony to show, among other
things, that the defendant had not been in possession of the
land for twenty years. Upon intimation of His Honor that
they could not recover upon their own testimony, the plain-
tiffs submitted to a non-suit and appealed.

In this intimation of His Honor we think there was sub-
stantial error. The defendant set up no title except the
purchase of the land, by his ancestor, from Munford Collins.
He is therefore estopped from denying the title of Munford
Collins. *Ives* v. *Sawyer*, 20 N. C., 51; *Johnson* v. *Watts*,
46 N. C., 228; *Thomas* v. *Kelly*, Ibid, 375; *Feimster* v.
*McRorie*, Ibid, 547; *Copeland* v. *Sauls*, Ibid, 70; *Gilliam* v.
*Bird*, 30 N. C., 280. All that the plaintiffs are required
to do, in order that they may recover, is to show a better
title from the common source. *Gilliam* v. *Bird, supra; Cald-
well* v. *Neely*, 81 N. C., 114; *Spivey* v. *Jones*, 82 N. C.,
179; *Christenbury* v. *King*, 85 N. C., 229; *Mobley* v. *Griffin*,
104 N. C., 112; *Bonds* v. *Smith*, 106 N. C., 553. The de-
fendant, being estopped from denying the title of Munford
Collins and having admitted the plaintiffs to be the heirs-
at-law of Munford Collins upon whom the law casts the title

COLLINS *v.* SWANSON.

in the absence of some valid alienation, must show some better title in himself, either by a valid conveyance from the common source to himself or his ancestor, or by making good his plea of the statute of presumptions. He has done neither, having offered no testimony whatever. The allegation in the answer and the admissions of the defendant shifted upon him the burden of proof. Not only did the defendant fail to bear this burden, but the plaintiff's testimony strongly tended to rebut the plea of the statute. In view of the intimation of His Honor, that upon the plaintiff's own evidence they could not recover, this Court must consider all their evidence as true and regard it in the most favorable light for them, as the jury might so have regarded it had it been submitted to them. *Abernathy* v. *Stowe*, 92 N. C., 213; *Gibbs* v. *Lyon*, 95 N. C., 146; *Springs* v. *Schenck*, 99 N. C., 551.

The plaintiffs would have been clearly entitled to go to the jury, even if the burden had still rested upon them; but as the burden had been shifted to the defendant, under no circumstances could the Court have directed a verdict in his favor. *Spruill* v. *Insurance Co.*, 120 N. C., 141; *Hardison* v. *Railroad, Ibid*, 492.

For error in the intimation of the Court below, the nonsuit must be set aside and a new trial ordered.

New trial.