W. P. BURRUS and wife v. THE LIFE INSURANCE COMPANY OF VIRGINIA.

*Action to Recover Insurance Premium Paid—Drafts—Notice—Trial—Weight of Evidence—Directing Verdict.*

1. Where, on the trial of an action, a material fact is in dispute and the evidence thereon is conflicting, the trial judge cannot weigh the evidence and say how the fact was.

2. Where, on the trial of an action, a material fact was whether a draft had been presented to plaintiff for acceptance and payment and it appeared that plaintiff, having received notice that a draft had been drawn on him by the defendant, applied at the bank where he usually received drafts but the defendant's draft had not been received and plaintiff testified that he was employed at a cotton gin; that his duties were outside the office and that he had no desk there but that his place of business was at his residence and that the draft had never been presented to him; while the bank collector testified that he took the draft to the gin for acceptance three times, left a printed notice and notified plaintiff's son. *Held,* that whether the draft had been duly presented was a question for the jury.

CIVIL ACTION, tried before *Timberlake, J.,* and a jury at May Term, 1897, of CRAVEN Superior Court.   Plaintiff sought to recover all the premiums, which he had paid to defendant on a policy of insurance, upon the ground that defendant had declined to accept the last premium and declared the policy forfeited.   The defendant's contention was that the premium was not paid when due and that by the

terms of the policy the insurer could only renew it after submitting to a medical examination which he refused to do. Plaintiff contended that the defendant had agreed to draw for the premiums as they fell due through a certain bank in Newbern; that he was ready to pay the draft for the maturing premium and enquired at bank for it on the right day and it was not there and that some days thereafter he sent a check to the defendant for the amount of the premium and defendant refused to receive it.

The defendant averred that the agreement was that draft should be drawn through a Richmond, Va., Bank which was done and that the draft had been presented for payment at plaintiff's place of business and returned unpaid. There was conflicting testimony as to the presentation of the draft. At the close of the evidence His Honor stated that he would direct the jury to find that the plaintiff was entitled to recover the sums paid by him as premiums with interest, there being no dispute as to their amount. The defendant excepted and appealed from the judgment rendered on the verdict so directed.

*Messrs. Simmons & Ward*, for plaintiff.

*Messrs. Clark & Guion* and *MacRae & Day*, for defendant (appellant).

FAIRCLOTH, C. J.: One of the material questions presented is whether the defendant's draft for premium on policy was duly presented. The plaintiff testified that he received a letter saying that the draft had been sent, that he applied at one of the Newbern banks, where he had usually received drafts, and the bank said it had not received the draft, and that it had not been presented to him. He further said "I had no desk at gin, my duties were outside the office." Matthews said he took the draft for acceptance to the gin three times, where the plaintiff was supposed to stay, and said to be his place of business, and left a print-

ed notice on the desk in the office at the gin, and was told that the plaintiff was at the cotton exchange, by his son.

Lumsden testified that he was secretary of the cotton gin, that he employed the plaintiff to weigh cotton, &c., and he sold cotton on the cotton exchange, and had no desk in the witness' office.

Spruill testified that he told Matthews at the gin that the plaintiff was at the wharf.

Dewey testified that he was cashier of the Farmer's & Mechanic's Bank at Newbern; that he gave the draft to his collector who returned it unpaid, and he returned it to the Richmond bank. The bank determines where it is to be sent.

The president of defendant company testified that Dewey returned the draft, saying: "Presented three times. No attention paid to notice"; that it was presented at three different places, considered his headquarters; once to his son in person, and an additional printed notice left for him."

Plaintiff recalled said: "My private place of business was at my house. When I got through cotton sales at cotton exchange, I went back to the gin."

We have referred to so much of the evidence only to show that the presentation of the draft was in dispute and that there was conflicting evidence in that matter. The court stated that only one issue would be submitted: "What amount, if any, is the plaintiff entitled to recover"? and refused to submit any other. It is the province of the jury to find the fact involved in the issue or issues presented in the pleadings, and in all cases the credibility of witnesses is exclusively for the jury to consider. In criminal matters the jury must render the verdict and not the court even if the State's evidence is uncontradicted, because the plea of not guilty disputes its credibility, and the presumption of innocence can be overcome only by the verdict of a jury. *State*

v. *Riley*, 113 N. C., 648; *U. S.* v. *Taylor, 3 McCrary*, 500 and 505. In civil actions the rule is different, and is so well stated by this court that we will simply copy the language of *Pearson, J.:* "When the plaintiff fails to make out his case, the Judge may say to the jury, "if all the evidence offered be true the plaintiff has not made out a case," and direct a verdict to be entered for the defendant unless the plaintiff chooses to submit to a non-suit. It is, in effect, a demurrer to the evidence. The plaintiff has no right to complain, for in reviewing the question of law he has the benefit of the supposition that the evidence offered by him and the inferences of fact are all true. So, when the plaintiff's case is admitted, the whole question turns upon the defence attempted to be set up. If, taking the facts to be as contended for by the defendant, the court is of opinion that he has made out no answer to the action, it is proper and saves time for the court to direct the verdict to be entered for the plaintiff. The defendant is not prejudiced because upon appeal the question will be presented in the most favorable point of view for him." *State* v. *Shule*, 32 N. C., 153. The present case does not fall within the above rule, as His Honor seems to have erroneously assumed.

Waiving all other controverted questions, the fact as to whether the draft was duly presented was in dispute, and the evidence thereon was conflicting. When such is the case, the court cannot weigh the evidence and say how the fact was. *White* v. *Railroad*, at this term, and cases cited.

*Venire de Novo.*