This case has been here before, and is reported in 118 N.C. 383. On the trial presented by this appeal the plaintiff and defendant both tendered issues for the jury. The court accepted those tendered by the plaintiff and rejected those tendered by defendant, and the defendant excepted. We see no error in this ruling, as there is no issue arising from the pleadings that the issues adopted by the court did not present. And we can see no grounds of defense that the defendant was entitled to that might not have been made under these issues. Baker v. R. R., 118 N.C. 1015;Denmark v. R. R., 107 N.C. 185 Rittenhouse v. Street Railway, 120 N.C. 544.
The issues submitted were as follows:
1. Is the plaintiff a corporation?
2. Was the defendant given notice of the assignment by the Ruttan Manufacturing Company to the plaintiff of the contract and the balance due thereon, before the rendition of the judgment in the action of Taylor against Ruttan Manufacturing Company?
3. Was the assignment of the said contract legally made?
4. Was the said assignment made with intent to defraud, hinder or delay the creditors of the said Ruttan Manufacturing Company?
5. Is the defendant indebted to the plaintiff, and if so, in what amount?
(109) The case on appeal states that the court withdrew the case from the consideration of the jury and directed the jury to answer the issues as set forth in the record, to-wit, "Yes" to issues 1, 2 and 3, and "No" to the fourth issue, and to the fifth issue "$340.47," and the defendant excepted. This exception must be sustained.
The burden of establishing the first, second and fifth issues was upon the plaintiff. This being so, it was error in the court to withdraw these issues from the jury. If the party, upon whom the burden of proof rests, has offered no evidence to prove the issue, or no such evidence as the jury ought to find a verdict upon (as in Wittkowsky v. Wasson, 71 N.C. 451), the court should say so, and direct a finding in the negative. S. v. Shule,32 N.C. 153. But no matter how strong and uncontradictory the evidence is in support of the issue, the court cannot withdraw such issue from the jury and direct an affirmative finding. To do this is to violate the act of 1796 (section 413 of the Code). S. v. Shule, supra; Hardison v. R. R.,120 N.C. 492; Spruill v. Ins. Co., ib., 141; White v. R. R., post, 484.
If there is no evidence to support the negative, and the evidence, if true, establishes the affirmative of the issue, the court may instruct the jury that if they believe the evidence they may find an affirmative — that is, for the party upon whom the burden rests. Wool v. Bond, 118 N.C. 1;S. v. Shule, supra. It seems to us, from an examination of the *Page 113 
evidence in this case, that the jury would have found these issues as the court did, if the finding had been left to them, and that would have been the end of the matter.
It was argued that this contract was not assignable, as a matter of law, and as the case goes back for a new trial, this question will meet the plaintiff at the very threshold. If it is not assignable, this ends the case for the defendant. If it is assignable, the plaintiff should not be troubled against by this question. It is a contract on the part of the Ruttan Manufacturing Company to put a heater in the public school building in the town of Durham, for which the defendant agreed (110) to pay said company $2,800. The defendant had paid the greater part of the price when the parties came to a settlement, and it was ascertained that the defendant still owed on said contract the sum of $331.11.
Why this contract was not assignable we are not able to see. It seems that, under our statute, almost any contract that constitutes an indebtedness or money liability may be assigned. Redmon v. Staton,116 N.C. 140. In our opinion, this contract was assignable; but such assignment, like any other transaction, may be vitiated by fraud. But if this is alleged, its proof rests on the defendant, the party that makes the allegation.
Error. New trial.
Cited: House v. Arnold, 122 N.C. 222; Mfg. Co. v. R. R., ib., 886;Cable v. R. R., ib., 897; Cox v. R. R., 123 N.C. 607; Gates v. Max,125 N.C. 143; Crews v. Cantwell, ib., 519; Neal v. R. R., 126 N.C. 637,640, 648; Mfg. Co. v. R. R., 128 N.C. 285; Thomas v. R. R., 129 N.C. 394;Cogdell v. R. R., ib., 400; Lewis v. Steamship Co., 132 N.C. 912;Bessent v. R. R., ib., 945.