MARVEL LAMP COMPANY, A CORPORATION v. JAMES A. CAPEL T/A ADVANCED LIGHTING

No. 7926SC502

(Filed 5 February 1980)

**Frauds, Statute of § 5— promise to answer for debt of another—insufficiency of letter**

A letter written by defendant as president of a corporation stating that "although the above amount was purchased by the corporation and I am not personally liable, I did inform Marvel Lamp Company that I would try to pay

off this balance myself by paying what I could in installments as it [is] impossible for me to pay the complete balance due" was insufficient to constitute a definite promise to answer for the debt of another within the meaning of G.S. 22-1.

APPEAL by plaintiff from Kirby, *Judge.* Judgment entered 17 April 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 9 January 1980.

Plaintiff filed its complaint against defendant for payment on a past-due account under which defendant allegedly has agreed to pay plaintiff $17,061.79 for goods and supplies. Defendant filed answer, denying that he purchased goods from plaintiff or that he is liable or indebted to plaintiff. Plaintiff moved to amend its complaint to state a claim against defendant Capel, president of Advanced Lighting, for breach of a promise in writing to pay the debt of Advanced Lighting Center. This claim was based on a letter which defendant wrote to Jeffrey Swanson, an authorized agent for collection of plaintiff's accounts. Interrogatories and answers thereto and requests for admissions and responses were filed.

The court allowed plaintiff's motion to amend. Defendant's answer to the amended complaint denied that he promised to pay for goods and supplies sold by plaintiff to Advanced Lighting or any other entity and alternatively asserted that if it is found that defendant did promise to pay such a debt, there was no consideration for such promise.

Defendant's affidavit in support of his motion for summary judgment states that he wrote the letter in his representative capacity as president of Advanced Lighting, and any representations or promises in the letter are the corporation's and not his. Plaintiff filed an answer and affidavit in response to defendant's motion for summary judgment as well as a cross motion for summary judgment. The court granted defendant's motion for summary judgment. Plaintiff appealed.

*Newitt & Bruny, by John G. Newitt, Jr. and Richard M. Koch, for plaintiff appellant.*

*Perry, Patrick, Farmer & Michaux, by Richard W. Wilson, for defendant appellee.*

ERWIN, Judge.

The sole question before us is whether a letter written by defendant, James A. Capel, is sufficient to be considered as a promise to pay the debt of another, Advanced Lighting? We answer, "No," and affirm the trial court.

The body of the letter from defendant to plaintiff's agent reads as follows:

"Gentlemen:

This letter is to inform you that Advanced Lighting Products, Inc. is no longer in business. All sales offices have been closed.

Although the above amount was purchased by the corporation and I am not personally liable, I did inform Marvel Lamp Company that I would try to pay off this balance myself by paying what I could in installments as it impossible [sic] for me to pay the complete balance due.

Very truly yours,
s / JAMES A. CAPEL
James A. Capel—President
ADVANCED LIGHTING PRODUCTS

Attention: Mr. Jeffrey Swanson:"

Plaintiff relies on *Supply Co. v. Person*, 154 N.C. 456, 458, 70 S.E. 745, 746 (1911), to support its position, in which case our Supreme Court held that the following language was a promise in writing, and sufficient under the Statute of Frauds; the forebearance to sue was a sufficient consideration; and defendant was liable for the debt as a guarantor of payment:

"I find that the dry-kiln is not completed, and when it is, which will be soon, I think you will get your money sooner than to sign a paper or papers for the time mentioned in your letter. Just as soon as the dry-kiln gets in operation I will see that your bill is paid."

In the case *sub judice*, the evidence does not establish what amount the defendant would pay plaintiff, the date payment would be made, or the event that would determine when payment would be due. The language of defendant's letter is insufficient to

constitute a definite promise to answer for the debt of another as required by G.S. 22-1. *Deaton v. Coble*, 245 N.C. 190, 95 S.E. 2d 569 (1956). The letter is so vague and indefinite that the writer's intentions are insufficient to support a cause of action. *Thomas v. Shooting Club*, 123 N.C. 285, 31 S.E. 654 (1898).

We hold that summary judgment was properly entered by the trial court for defendant; therefore, plaintiff was not entitled to judgment, in that the contents of the letter in question were too vague, indefinite, and uncertain to give rise to an action for breach of contract.

Judgment affirmed.

Judges CLARK and ARNOLD concur.